AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>THE CELLULAR TELEPHONE ASSIGNED<br>CALL NUMBER 614-377-4009 | ) ) ) ) ) ) Case No. 1:19MJ-485 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A. Because the government has satisfied the requirements of 18 U.S.C. § 3122, this warrant also constitutes an order under 18 U.S.C. § 3123.

located in the \_\_\_\_Southern\_\_\_\_ District of _____Ohio_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1503 | Obstruction of the Due Administration of Justice |

The application is based on these facts:
See Affidavit in Support of Application for Search Warrant. To ensure technical compliance with 18 U.S.C. 3121-3127, the requested warrant will also function as a pen register order. I thus certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the U.S. Marshals Service. See 18 U.S.C. 3122(b), 3123(b).

- ☑ Continued on the attached sheet.
- ☑ Delayed notice of \_\_30\_\_ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

DUSM Nathan Richardson, U.S. Marshals Service
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6/27/19

_____
*Judge's signature*

City and state: Cincinnati, Ohio

Hon. Karen L. Litkovitz, U.S. Magistrate Judge
*Printed name and title*

## AO 106   Attachment

See Affidavit in Support of an Application for a Search Warrant.  To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order.  Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by The United States Marshal Service  *See* 18 U.S.C. §§ 3122(b), 3123(b).

I declare under penalty of perjury that the foregoing is true and correct.

June 26, 2019
DATE

*s/Ebunoluwa Taiwo*
EBUNOLUWA TAIWO (4740858)
Assistant United States Attorney

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **614-377-4009**, (the "Subject Telephone"), whose wireless service provider is T-Mobile US, Inc., a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ 07054.

2. Records and information associated with the Subject Telephone that is within the possession, custody, or control of T-Mobile US, Inc. including information about the location of the cellular telephone if it is subsequently assigned a different call number].

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

All information about the location of the Subject Telephone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Subject Telephone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile US, Inc., T-Mobile US, Inc. is required to disclose the Location Information to the government. In addition, T-Mobile US, Inc. must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile US, Inc.'s services, including by initiating a signal to determine the location of the Subject Telephone on T-Mobile US, Inc.'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile US, Inc. for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

**Information to Be Seized by the Government**

All information described above in Section I that constitutes evidence and instrumentalities of violations of 18 U.S.C. § 1503 involving Tella GILBERT.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **614-377-4009** | Case No. **1:19MJ-485**<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Deputy United States Marshal (DUSM) Nathan Richardson, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **614-377-4009** (the "**Subject Telephone 1**"), whose service provider is T-Mobile US, Inc., a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ 07054. **The Subject Telephone 1** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a law enforcement officer with the United States Marshals Service and have been since 2016. I am currently assigned as a DUSM /Team Leader to the Fugitive Task Force of the United States Marshals Service and have been so assigned since July 2018. In connection with my official duties, I am involved in investigations relating to violations of federal statutes, including, 18 U.S.C. § 1503, Obstruction of the Due Administration of Justice.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 1503 have been committed, are being committed, and will be committed by Teela GILBERT. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations.

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

**PROBABLE CAUSE**

7. The United States, including U.S. Marshal's Service, is conducting a criminal investigation of Berry Rene Isaacs and Teela GILBERT regarding possible violations of 18 U.S.C. 1503.

8. On or about April 10, 2019, Teela GILBERT was indicted for Obstruction of the Due Administration of Justice in violation of 18 U.S.C. §§ 1503 and 2. The indictment alleges

2

that on or about February 6, 2019, GILBERT made material false statements under oath during a federal grand jury investigation in the Southern District of Ohio and further alleges that her co-defendant Barry Rene Isaacs aided and abetted GILBERT in concealing or withholding documents and making false statements. GILBERT admitted that she had spoken to Isaacs by phone and that he was aware that she would be testifying before the grand jury. Further investigation by the IRS and USMS determined that GILBERT routinely used the phone number **614-377-4009** (the **Subject Telephone** 1) in her communications with law enforcement and others.

9. As set forth herein, probable cause exists to believe that the information specified in Attachment B, which is incorporated herein by reference, including the requested geo-location data from **Subject Telephone 1**, will constitute or lead to evidence of offenses involving obstruction of justice in violation of 18 U.S.C. § 1503. GILBERT is currently considered a fugitive by law enforcement and the requested geo-location data from **Subject Telephone 1** will assist law enforcement in the arrest of GILBERT. For the reasons set forth above, there is also probable cause to believe that obstruction of justice has been committed, are being committed, and will continue to be committed by GILBERT while **Subject Telephone 1** is in her possession.

10. In my training and experience, I have learned that T-Mobile US, Inc. is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data

3

from several of the provider's cell towers. [Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

11. Based on my training and experience, I know that T-Mobile US, Inc. can collect E-911 Phase II data about the location of the Subject Telephone, including by initiating a signal to determine the location of the Subject Telephone on T-Mobile US, Inc.'s network or with such other reference points as may be reasonably available.

12. Based on my training and experience, I know that T-Mobile US, Inc. can collect cell-site data about the Subject Telephone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile US, Inc. typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

4

## AUTHORIZATION REQUEST

13. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

14. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Subject Telephone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

15. I further request that the Court direct T-Mobile US, Inc. to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile US, Inc. I also request that the Court direct T-Mobile US, Inc. to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile US, Inc.'s services, including by initiating a signal to determine the location of the Subject Telephone on T-Mobile US, Inc.'s network or with such other reference

points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile US, Inc. for reasonable expenses incurred in furnishing such facilities or assistance.

16. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Subject Telephone outside of daytime hours.

17. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
DUSM Nathan Richardson
United States Marshals Service

Subscribed and sworn to before me on this 27 day of June 2019

_____
Hon. Karen L. Litkovtiz
United States Magistrate Judge

6

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **614-377-4009**, (the "Subject Telephone"), whose wireless service provider is T-Mobile US, Inc., a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ 07054.

2. Records and information associated with the Subject Telephone that is within the possession, custody, or control of T-Mobile US, Inc. including information about the location of the cellular telephone if it is subsequently assigned a different call number].

## ATTACHMENT B

**Particular Things to be Seized**

### I. Information to be Disclosed by the Provider

All information about the location of the Subject Telephone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Subject Telephone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile US, Inc., T-Mobile US, Inc. is required to disclose the Location Information to the government. In addition, T-Mobile US, Inc. must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile US, Inc.'s services, including by initiating a signal to determine the location of the Subject Telephone on T-Mobile US, Inc.'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile US, Inc. for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

**Information to Be Seized by the Government**

All information described above in Section I that constitutes evidence and instrumentalities of violations of 18 U.S.C. § 1503 involving Tella GILBERT.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.